Fecteau, J.
This matter came on for hearing on Friday, February 12, 1999. On January 14, 1999, the parties entered into an arbitration agreement. In furtherance of this agreement, the parties exchanged witness lists. The plaintiff then learned for the first time that the defendant intended to offer the written opinions of one expert and the live testimony of two others, notwithstanding the fact that the above-captioned case had been pending for some time in this court with trial expected to occur within the next couple of months; the defendant had not supplemented their answers to expert witness interrogatories. The plaintiffs are seeking an order from this court to exclude these late-noticed witnesses, for violation of Rule 26(b)(4). Although I interpret G.L.c. 251 as permitting the arbitrator to resolve discoveiy disputes and to exclude evidence, in the interests of time, and upon consideration of the importance of the issues to the parties and the significance of the case, I exercise discretion to resolve this dispute.
At issue is the right of the defendant, at a hearing which is set to begin on February 16, 1999, to submit to the arbitrator written reports and live testimony from medical experts the identity[1] and opinions of whom had not been previously disclosed to the plaintiff under Rule 26(b)(4) of the M.R.C.P., namely Doctors Paul Chervin, Martin Kelly and David Faust, Ph.D. The arbitration agreement is silent as to whether the parties intended to limit themselves to medical evidence which had been previously developed and about which notice had been given. The plaintiff is claiming unfair surprise. The defendant contends that the arbitration agreement does not prohibit newly developed evidence.
There are good and sufficient reasons why the parties chose to utilize binding arbitration and neither is insisting that the arbitration agreement should be vacated. The parties here have been working toward a final resolution of this case and only recently has the case been taken out of the court for resolution. Up to and including January 14,1999, the date that the arbitration agreement was signed, the rules of court applied in full.
Were this controversy to have been presented to the court on the eve of trial, instead of on the eve of an arbitration hearing, the options of the court would include, but not be limited to the exclusion of the evidence. However, the rules of the court are not the same as the rules of an arbitration proceeding. Indeed, one of the attractions of the arbitration forum for many is the relative informality of the proceeding, allowing for a relaxation of many of the rules of procedure and of evidence. However, basic notions of fairness would call for an adequate exchange of information, such as medical reports. The plaintiff, until today, had not received any written material, formal or informal, containing any of the facts or opinions held by the defendants’ experts and intended to be offered into evidence in either forum. The plaintiffs had provided their written submission, including medical reports. Were the arbitration hearing to go forward without further intervention, the plaintiff would be at a disadvantage in terms of preparation. This order is intended to relieve the plaintiff of this disadvantage.
The arbitration is to go forward as scheduled with the submission of the plaintiffs’ part of the case. Thereafter, the arbitration hearing is stayed, for a period of thirty days from the date on which they receive the defendants’ supplementation of expert answers to interrogatories, or written reports in lieu thereof. Upon the completion of the thirty days, the plaintiff is to notify the arbitrator of either their readiness to continue with the hearing, or of their application, under the provisions of G.L.c. 251, Sec. 7, for leave to depose one or more of these experts. The arbitrator has the authority to act on such request and to establish any terms and/or conditions for the deposition. In addition, the costs of said depositions may be taxed pursuant to the provisions of G.L.c. 251, Sec. 10, by the arbitrator. Upon compliance with this order, the defendant may offer the testimony and/or reports at the time of the resumption of the hearing. Of course, the qualifications of experts to render opinions and the credibility of the evidence, among other issues, are within the sole judgment of the arbitrator as the presiding hearing official and finder of fact.

This is with the exception of Dr. Paul Chemin, about whom the plaintiff was aware and had agreed to allow to examine the plaintiff following the agreement to arbitrate, although no report was forthcoming until today.